UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ANDRES GOMEZ, on his own and on behalf
of all other individuals similarly situated,

      Plaintiff,

vs.

KFC CORPORATION,

      Defendant.
_____/

## COMPLAINT – CLASS ACTION

Plaintiff, ANDRES GOMEZ (hereinafter "Plaintiff"), on his own behalf and on behalf of all other individuals similarly situated, by and through his undersigned counsel, hereby files this Class Action Complaint and sues KFC CORPORATION (hereinafter referred to as "the Defendant"), for declaratory and injunctive relief, attorney fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. § 12182 et seq., the 2010 ADA Standards (AMERICANS WITH DISABILITIES ACT" or "ADA"), 28 C.F.R. Part 36; and alleges:

## JURISDICTION AND VENUE

1. This Honorable Court is vested with original jurisdiction over this action pursuant to Title 28 U.S.C. §1331 and §343 for Plaintiff's claims arising under Title 42 U.S.C. §12182 et. seq., based on Defendant's violations of Title III of the Americans With Disabilities Act (hereinafter referred to as "ADA"). See also 28 U.S.C. §2201, §2202, the 2010 ADA Standards, and 28 C.F.R. § 36.201.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b)(2) and 3.1 of the Local Rules of the United States District for the Southern District of Florida in that a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of this action is situated.

**PARTIES**

3. Plaintiff, ANDRES GOMEZ, is sui juris and is a resident of Miami-Dade County in the state of Florida. He is an individual that has been diagnosed with Macular Atrophy, Refractive Amblyopia, Vitreous Detachment and High Myopia, and pursuant to ADA's definition Plaintiff is legally blind. As a result, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: accurately visualizing his surroundings, adequately traversing obstacles and walking without assistance.

4. Plaintiff is a customer of KFC CORPORATION, such as Defendant's establishment. Plaintiff often uses the internet and while doing so Plaintiff utilizes an available screen reader program to decipher the many websites he visits.

5. In order to efficiently and effectively navigate Defendant's website Plaintiff must use a screen reader program as mentioned herein. It is the Plaintiff's belief that the violations detailed herein will not be corrected without court intervention, and thus the Plaintiff will suffer legal harm and injury in the near future.

6. Other similarly disabled persons as Plaintiff are qualified individuals with disabilities under the ADA. Other similarly disabled persons share Plaintiff's discrimination based on the fact that they are visually disabled and require the use of various screen reader programs in order to efficiently and effectively navigate the Defendant's website to become informed of the

Defendant's promotions, which other similarly disabled persons may order from Defendant's website.

7. Upon information and belief, Defendant is the operator, and/or owner of https://www.kfc.com. Defendant is authorized to conduct, and is conducting, business within the state of Florida and within the jurisdiction of this Court. Defendant also maintains and/or controls its website.

8. Defendant resides in this District, transacts business in this District, and the cause of action accrued in this District therefore, venue is proper in this Court.

## CLASS ACTION ALLEGATIONS

9. Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23, in that the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, the claims and defenses of the representative party is typical of those of the class, and Plaintiff, as the representative, will fairly and adequately protect the interest of the class. Fed. R. Civ. P. 23(a)(1),(3),(4). Plaintiff represents all legally blind individuals who have attempted, or intend to attempt, to utilize and navigate Defendant's website.

10. As a legally blind individual Plaintiff's interest in pursuing this matter is to obtain replacement and or correction of the Defendant's discriminatory website with one which can be successfully navigated by himself and similarly disabled persons.

11. The Plaintiff seeks injunctive relief for the implementation of the relief provided by the ADA which is the same relief that would be sought by each class member if he or she brought a similar claim individually.

12. The Defendant has violated the ADA by discriminating against Plaintiff and similarly disabled persons by denying them effective and efficient navigation through its website, and as a result Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. § 12188.

13. Plaintiff has retained counsel who are competent and experience in the prosecution of ADA Title III litigation.

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

14. Plaintiff adopts and re-alleges the allegations stated in paragraph "1" through "13"of this complaint as if fully stated herein.

15. On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant(s) have ten (10) or fewer employees and gross receipts of $500,000 or less. See 42 U.S.C. §12182; 28 C.F.R. §36.508(a).

16. Congress found, among other things, that:

   (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   (ii) historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non- productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

17. Congress explicitly stated that the purpose of the ADA was to:

i. provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

ii. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

iii. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

U.S.C. §12101(b)(1)(2) and (4).

18. Pursuant to 42 U.S.C. §12182(7), 28 CFR §36.104 and the 2010 ADA Standards, Defendant's facility is a place of public accommodation covered by the ADA by the fact it is an establishment which provides services to the general public, and must be in compliance therewith. The Defendant's website which is a subject of this action is a public accommodation covered by the ADA and therefore must be in compliance therewith.

19. The Defendant has discriminated and continues to discriminate against the Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages aKFCnd/or accommodations located on the Defendant's website, https://www.kfc.com, as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq.

20. Plaintiff has visited the Defendant's website, and has been denied full and equal access to the website and therefore suffered an injury in fact. Plaintiff experienced barriers to access due to the failure to provide an accessible website for disabled persons, as detailed below:

   a. Website does not contain any statement of its ADA policy towards visually impaired patrons;
   b. Website does not contain an ADA button/link to adjust the website format to one that is fully readable but SRS and /or to change the font;
   c. Does not read logo on homepage;
   d. Does not read social media links on homepage;
   e. Does not read find a colonel near you on homepage;
   f. Does not read bottom slides on homepage;
   g. Does not read location bottom on homepage;
   h. Does not read special diet wizard, or possible allergens visitors would like to avoid;
   i. Does not read nutrition and allergen notice;
   j. Does not read sub categories from drop down bar;

21. Plaintiff intends to return to Defendant's website provided the Defendant modify the website to provide equal access to Plaintiff and similarly disabled persons. However, Plaintiff is precluded from doing so by the Defendant's failure and refusal to provide disabled persons with full and equal access to its website. Therefore Plaintiff continues to suffer from discrimination and injury due to the website which is in violation of the ADA.

22. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA See 28 C.F.R. §36 and its successor the 2010 ADA Standards ADA

Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. § 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

23. Subsequent to the date of Plaintiff's original visit to Defendant's website, the undersigned visited the website and ran a screen reader program as well to confirm the existence of the barriers Plaintiff experienced.

24. To date, the violations of the ADA still exist on Defendant's website and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

25. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

26. The necessary modifications to Defendant's website are readily achievable in order to bring the website into compliance with the ADA as the modifications can be easily accomplished and are able to be carried out without much difficulty or expense. 42 U.S.C. §12182 (b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. §36.304.

27. Upon information and belief the Defendant has the financial resources to make the necessary modifications.

28. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the Defendant's website to make it readily

accessible to and useable by individuals with disabilities to the extent required by the ADA and taking the website off of the internet until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against the Defendant and requests the following injunctive and declaratory relief:

    A.    That this Honorable Court declares that the Defendant's website owned, operated and/or controlled by the Defendant is in violation of the ADA.

    B.    That this Honorable Court enter an Order requiring Defendant to alter its website, https://www.kfc.com, to make it accessible and usable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That this Honorable Court enter an Order directing the Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the website;

    D.    That this Honorable Court enter an Order granting temporary, preliminary, and permanent injunction prohibiting Defendant from operating its website without adequate accommodation for the visually impaired individuals;

    E.    That this Honorable Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit to the Plaintiff;

    F.    That this Honorable Court award compensatory damages including, but not limited to, mental anguish, loss of dignity, and any other intangible

    injuries suffered by the Plaintiff as a result of Defendant's discrimination; and

  G. That this Honorable Court award such other and further relief as it may deem necessary, just and proper.

Dated this 26th day of September, 2016.

               Respectfully submitted,

               **J & M Advocacy Group, LLC**
               *Attorney for Plaintiff*
               4651 Sheridan Street, Suite 301
               Hollywood, FL 33021
               Telephone: (954) 962-1166
               Facsimile: (954) 962-1779
               Service Email: service@jmadvocacygroup.com

               By: */s/ Jessica L. Kerr*_____
               JESSICA L. KERR, ESQ.
               Fla. Bar No. 92810

               By: */s/ Jaci R. Mattocks*_____
               Jaci R. Mattocks, ESQ.
               Fla. Bar No. 115765